[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S AMENDED MOTION FOR MODIFICATION OF JUDGMENT
On June 13, 1990 a judgment of dissolution of the marriage of the parties was entered. At the time of the decree a separation agreement dated June 13, 1990 executed by the parties was filed, found to be fair and equitable by the court and ordered to be incorporated by reference in the decree. By the terms of that agreement, more particularly paragraph 6.1, the defendant's obligation to pay alimony ceased upon the first to occur of the following events: the death of either of the parties, the plaintiff's remarriage, the plaintiff living with an unrelated male for a period of three (3) months, May 5, 2002, the sale of the marital residence, or when the plaintiff no longer uses the marital residence as the principal residence for herself and the minor children.
The agreement further provided that 46b-86(b) of the General Statutes should also be applicable provided, however, that the defendant could not invoke its provisions until the plaintiff had lived with the unrelated male for a period of three (3) months. The alimony payments paid and to be paid by the defendant were to be equal to the monthly mortgage payment plus taxes.
Based upon the testimony and the exhibits offered during the trial of this matter, the court finds as follows. The plaintiff has known one Antonio Arcuri for two-two and one half years. He began living at her house "95 per cent of the time" the end of the summer of 1990. They became engaged in CT Page 6368 December, 1990. Mr. Arcuri uses the plaintiff's address on his driver's license, his car registration, for employment purposes, on his income tax return for 1990 (see defendant's exhibit 21). They pool their monies and all bills are paid out of a joint account (see defendant's exhibits 7, 8, 9, 10 and 11).
The plaintiff is and has been living with an unrelated male for more than three months. The plaintiff's fiancee is contributing financially, and their living arrangement causes such a change in circumstances as to alter the financial needs of the plaintiff. The amount that the plaintiff's fiancee is contributing to the household is sufficient to justify the termination of the alimony orders.
The court grants the motion for modification and orders alimony terminated effective May 23, 1991, the date that the plaintiff was summoned by citation to appear.
EDGAR W. BASSICK, III, JUDGE.